IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Emily C. Hewitt)

No. 06-409 T

R,R,M & C Partners, L.P., by and through
Robert Sands, a Notice Partner,
Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

ANSWER

The defendant, the United States, by and for its first defense to the plaintiff's complaint in the above-captioned matter, respectfully denies each and every allegation contained therein that is not expressly admitted below.

Defendant further:

Admits that the first sentence in the unnumbered paragraph is plaintiff's statement of its claim. Denies that plaintiff is entitled to any relief. Admits that Exhibit A is the final notice of administrative adjustment of partnership items issued to R,R,M & C Partners, L.P. (R,R,M, & C) for the tax year ending September 10, 2001 (R,R,M & C FPAA).

**I. <u>THE PARTIES</u>.**

1. Denies that R,R,M & C is, or was at any time, a valid partnership for federal tax purposes. Admits only that R,R,M & C has an employer identification number of 43-1936519.

States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1.

2. Denies the implied allegation that R,R,M & C was at any time a valid partnership for federal tax purposes. Denies the implied allegation that R,R,M & C Group, L.P. (Group) was at any time a valid partnership for federal tax purposes. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2.

3. Denies the implied allegation that R,R,M & C was at any time a valid partnership for federal tax purposes. Denies the implied allegation that Group was at any time a valid partnership for federal tax purposes. Admits only that the tax matters partner of R,R,M & C designated on the 2001 partnership return was Group .

4. Denies that Group was a valid partnership for federal tax purposes. Admits that Group's employer identification number was 43-1936516. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4.

5. Denies the implied allegation that Group was a valid partnership for federal tax purposes. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. Admits only that the tax matters partner of Group designated on Group's 2001 partnership return was R,R,M & C Management Corporation with an employer identification number of 43-1936515. Denies the implied allegation that Group was a valid partnership for federal tax purposes. States that defendant's answering attorneys lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of paragraph 6, including the implied allegation that R,R,M & C Management Corporation is a valid partnership for federal tax purposes.

7. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. Admits only that CWC Partnership-I (CWC) has an employer identification number of 16-1472626. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8.

9. Admits the allegations of paragraph 9.

## II. JURISDICTION and RULES OF THE UNITED STATES COURT OF FEDERAL CLAIMS App. R Rules 1 and 2.

10. States the jurisdiction exists, if at all, pursuant to 28 U.S.C., § 1508.

11. Admits only that R,R,M & C Form 1065 for the period ending September 10, 2001, was received by the Service on April 19, 2002. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11.

12-13. Admits the allegations of paragraphs 12 through 13.

14. Admits only that, prior to the filing of the complaint, the total amount of $13,192,562, corresponding to the amounts stated on the checks, copies of which are attached as Exhibit B to plaintiff's complaint, was applied to tax accounts of some of the purported partners described. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13.

15-18. States that defendant's answering attorneys lack knowledge or information

sufficient to form a belief as to the truth of the allegations of paragraphs 15 through 18.

## III. **DESCRIPTION OF THE TRANSACTIONS**.

19-31 States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 18-32.

32. States that on the Form 1065 filed by Group for the taxable period ending December 31, 2001, Group reported a combined short-term and long-term capital loss of $19,894,501 on a reported sale of Constellation shares in which Group claimed an aggregate adjusted basis in Constellation shares of $94,757,364. Further admits that, of the amounts reported on the 2001 return, $3,514 was reported as a short-term capital loss and $19,890,987 was reported as a long-term capital loss. Denies this was reported on Group's return for the period ending December 31, 2002. Further denies that the adjusted basis of the stock and capital losses were properly reported on the return. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32.

## IV **THE SERVICE'S POSITION**.

33. Admits the allegations of the first and fourth sentences of paragraph 33. Admits the allegations of the second sentence of paragraph 33, except to deny the characterization of the adjustment as "primary." With respect to the allegations of the third sentence of paragraph 33, states only that the FPAA determined that the original limited partners' transfer of their partnership interests in Group to their respective charitable trusts was to be disregarded, and denies the remaining allegations of the third sentence of paragraph 33 as a characterization of the FPAA which speaks for itself.

34. Admits only that on December 22, 2005, the Service issued an FPAA to R,R,M & C in which the Service determined that the purported loss of $424,565 should be disallowed. States that the FPAA also determined that the partnership liabilities should be increased by $85,649,245. Denies that the FPAA determined that partners' liabilities should be increased by $85,649,245. Further admits that the FPAA asserted a 40% accuracy-related penalty or, alternatively a 20% accuracy-related penalty. Denies the remaining allegations as characterizations of the FPAA in that the document speaks for itself.

35. Admits only that on December 28, 2005, the Service issued an FPAA to CWC in which the Service asserted a 40% accuracy-related penalty or, alternatively a 20% accuracy-related penalty. Denies the characterization of the FPAA in that the document speaks for itself. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35.

36. Admits that plaintiff's complaint challenges all of the adjustments made by the Service in the R,R,M & C FPAA. Denies that plaintiff is entitled to any relief. Admits that separate complaints have been filed to challenge the adjustments made by the Service in the Group FPAA and the CWC FPAA. Denies that those plaintiffs are entitled to any relief.

**V. THE SERVICE'S POSITIONS IN THE R,R,M & C' FPAA.**

37-43. Denies the allegations of paragraphs 37 through 43.

**VI. R,R,M & C' ERRONEOUS TREATMENT OF TAX ITEMS.**

44-65. Denies the allegations of paragraphs 44 through 65.

**VII. BURDEN OF PROOF.**

66. Denies the allegations of paragraph 66.

**VIII. PRAYER FOR RELIEF.**

WHEREFORE, the defendant prays that this Court enter judgment in favor of defendant and against plaintiff, determining that the adjustments made by the R,R,M & C Partners, LLC, FPAA to R,R,M & C's partnership items for the period ending September 10, 2001, are correct; dismissing plaintiff's complaint; and granting such other and further relief as is just and proper.

Respectfully submitted,

/s David R. House

DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3366
(202) 514-9440 (facsimile)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

s/David Gustafson